Dated: June 11, 2019

The following is ORDERED:



Janice D. Loyd
U.S. Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Jennifer Ann White, | ) | Case No. 19-11909-JDL |
| | ) | Ch. 13 |
| Debtor. | ) | |

### ORDER DENYING MOTION TO AVOID LIEN

Before the Court for consideration is the *Debtor's Motion to Avoid Lien Pursuant to § 506(d)* filed on May 10, 2019 ("the Motion") [Doc. 7]. The Motion seeks to declare void her contractual obligations under a pawn agreement, including any lien interest of the creditor, due to the creditor's failure to obtain a license to do business in the State of Oklahoma in accordance with the Oklahoma Pawnshop Act, Title 59 O.S. § 1501, et seq. The 14 day time period within which any party wishing to oppose the Motion expired on May 24, 2019, without any objection being made.

Despite the fact that the Motion is unopposed, it has been this Court's policy that it is obligated to apply the law, even where the litigants (either affirmatively or through their silence) urge otherwise. See e.g. *In re Millspaugh*, 302 B.R. 90 (Bankr. D. Idaho 2003)

("courts are not required to grant a request for relief simply because the request is unopposed"); *In re Franklin,* 210 B.R. 560, 562 (Bankr. N.D. Ill. 1997); *Nunez v. Nunez (In re Nunez)*, 196 B.R. 150, 156-57 (9th Cir. BAP 1996) ("the granting of an uncontested motion is not an empty exercise but requires that the Court find merit to the motion"); *In re Lancaster*, 2003 WL 109205 (Bankr. D. Idaho 2003) (the court recognizing that lack of opposition "does not absolve the Court of its responsibility to ensure that relief may properly be entered."). As Judge Learned Hand wrote, "a judge is more than a moderator; he is charged to see that the law is properly administered, and it is a duty he cannot discharge by remaining inert." *United States v. Marzano*, 149 F.2d 923, 925 (2nd Cir. 1945) (quoted by this Court in *In re Warrior*, 2018 WL 2315919 (Bankr. W.D. Okla. 2018)). This is particularly true where, such as in the present case, the issues on the merits (substantive and not procedural) are unique and of first impression.

On August 8, 2018, the Debtor obtained a loan from Georgia Title by the execution of a document entitled "Pawn Agreement" under which the Debtor borrowed $1750 using her 2007 Toyota Camry and the Certificate of Title thereto as security. The Pawn Agreement provided that "security" for the transaction was lender having a "security interest in the bailment of a certificate of title to the motor vehicle described above." This type of transaction, most common under Georgia law, is referred to as a "title pawn". The "title pawn" transaction is not the traditional pawn transaction because the pawnbroker does not take possession of the actual property being pledged but only the certificate of title which represents the property.

The Motion seeks an order voiding the lien in favor of Georgia Title. Indeed, Debtor

seeks to have the Court determine that the entire Pawn Agreement is void because Georgia Title is not licensed with the Oklahoma Department of Consumer Credit as required by law. The Oklahoma Pawnshop Act, 59 O.S. § 1503, provides that "[n]o person shall engage in business as a pawnbroker without first obtaining a license from the Administrator specifically authorizing engagement in such business." The consequence of not obtaining a license is that "the pawn transaction shall be void and the customer is not obligated to pay either the amount financed or the pawn finance charge in connection with the transaction...". 59 O.S. § 1512(D).

Federal Rule of Bankruptcy Procedure 7001(2) requires an adversary proceeding if a party wishes "to determine the validity, priority, or extent of a lien or other interest in property." The term "validity" means the existence or legitimacy of the lien itself, "priority" means the lien's relationship to other claims to or interests in the collateral, and "extent" means the scope of the property encompassed by or subject to the lien. *In re Beard*, 112 B.R. 951, 955 (Bankr. N.D. Ind. 1990); *In re King*, 290 B.R. 641, 648 (Bankr. C.D. Ill. 2003); *In re Hoskins*, 262 B.R. 693, 696-97 (Bankr. E.D. Mich. 2001)*; In re Hudson*, 260 B.R. 421, 433 (Bankr. W.D. Mich. 2001).

The distinction between adversary proceedings and contested matters becomes especially significant where secured claims are concerned. There are at least three different ways a secured claim may be challenged. The amount of the claim can be questioned by objecting to its allowance. The value of the lien can be put in issue by request to determine secured status. Third, the lien itself can be directly attacked. Of these challenges, the first two are contested matters determined by motion, while the third requires an adversary proceeding. *Beard, 112 B.R. at* 955.

Debtor has brought her Motion under Bankruptcy Code § 506(d) entitled "Determination of Secured Status" and which provides "to the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void...". Although the rule does not specifically address whether an adversary proceeding is needed to extinguish an unsecured lien, the Official Committee Notes to § 506(d) provide some guidance as to when an adversary proceeding is required:

> An adversary proceeding is commenced when the validity, priority, or extent of a lien is at issue as prescribed by Rule 7001. *That proceeding is relevant to the basis of the lien itself* while valuation under Rule 3012 would be for the purposes indicated above [e.g., to determine the issue of adequate protection, impairment, or treatment of a claim in a plan].

(Emphasis added). "Interpreting this comment, it appears that an adversary proceeding is only needed when the basis of the lien itself is in dispute and that no adversary proceeding is needed simply to value and to declare void a totally unsecured claim." *In re Sadala*, 294 B.R. 180, 182 (Bankr. MD. Fla. 2003).

In the present case, Debtor is not seeking the determination of secured status in the context of the Chapter 13 confirmation process in which § 506(d) would be applicable. She makes no provision for Georgia Title in the plan either as a secured or unsecured creditor. She lists the debt to Georgia Title as disputed. She is making a direct attack upon the very existence of Georgia Title's lien. This requires an adversary proceeding. Accordingly,

**IT IS ORDERED** that *Debtor's Motion to Avoid Lien Pursuant to § 506(d)* [Doc. 7] is hereby **Denied** without prejudice.

**# # #**